# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

IN RE: **Clifford Wayne Robbins**  
**Patricia Lynn Robbins**  
Debtor(s)

Case No. **16-60791**

Chapter 13 Proceeding

☒ *AMENDED*     ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

### Plan Summary

A. The Debtor's Plan Payment will be _____**Variable Payments**_____, paid by ☒ Pay Order or ☐ Direct Pay for _____**60 months**_____. The gross amount to be paid into the plan is _____**$94,000.00**_____.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **10%** of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. The value of the Debtor's non-exempt assets is _____**$0.00**_____.

D. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

### Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☒ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IN RE: **Clifford Wayne Robbins** | Case No. **16-60791** |
| **Patricia Lynn Robbins** | |
| Debtor(s) | Chapter 13 Proceeding |

☒ *AMENDED*   ☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| Santander Consumer USA, Inc. 2009 Chrysler Aspen (approx. 130000 miles) | $100.00 | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Santander Consumer USA, Inc. 2009 Chrysler Aspen (approx. 130000 miles) | $15,775.73 | $9,725.00 | Pro-Rata | 4.5% | $10,936.65 | |

Form 11/7/05    *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas -  (210) 561-5300*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| IN RE: **Clifford Wayne Robbins**<br>**Patricia Lynn Robbins**<br>Debtor(s) | | Case No. **16-60791**<br><br>Chapter 13 Proceeding |

☒ *AMENDED*   ☐ *MODIFIED*

### DEBTOR(S)' CHAPTER 13 PLAN
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

---

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **December 30, 2016**  ."

| | |
|---|---|
| /s/ Clifford Wayne Robbins<br>Debtor | /s/ Patricia Lynn Robbins<br>Joint Debtor |

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor /<br>Property subject to lien | Amount of Lien<br>to be Avoided | Remarks |
|---|---|---|
| | | |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| | | | |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IN RE: **Clifford Wayne Robbins** | Case No. **16-60791** |
| **Patricia Lynn Robbins** | |
| Debtor(s) | Chapter 13 Proceeding |

☒ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 3*

**2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS**

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Wm. Barry Phillips, P.C. | $3,300.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Internal Revenue Service | $9,879.33 | Along With | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Ocwen Homestead | $6,200.00 | $6,200.00 | Pro-Rata | 0% | $6,200.00 | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Ocwen Homestead | $186,280.00 | $186,000.00 | $912.00 | 0% | $52,896.00 | |

Form 11/7/05    *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE: **Clifford Wayne Robbins**           Case No. **16-60791**
       **Patricia Lynn Robbins**
             Debtor(s)           Chapter 13 Proceeding

☒ *AMENDED*     ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

| | | | | |
|---|---|---|---|---|
| Santander Consumer USA, Inc. | $15,775.73 | $9,725.00 | Pro-Rata | 4.5% | $10,936.65 |
| 2009 Chrysler Aspen (approx. 130000 miles) | | | | | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately  **10%**  of their allowed claims.

**Totals:**

| | |
|---|---:|
| Administrative Claims | **$3,300.00** |
| Priority Claims | **$9,161.23** |
| Arrearage Claims | **$6,200.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$195,725.00** |
| Unsecured Claims | **$21,080.17** |

### VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Conduit Mortgage Payments**

Tthe claim of Ocwen for ongoing post-petition mortgage payments shall hereinafter be paid through the Debtor's Chapter 13 plan with the Chapter 13 Trustee as the disbursing agent, beginning with the payment due February 1, 2017. The ongoing post-petition mortgage payments to Ocwen shall be paid through the Chapter 13 plan and the payment amount may be adjusted as necessary to account for any fluctuations in the mortgage payment amount due to regularly scheduled escrow analyses as long as Ocwen provides written notice of the payment change to the Chapter 13 Trustee in accordance with Bankruptcy Rule 3002.1.

**Affirmation of Value of 2009 Chrysler Aspen**

By signature below, the Debtors hereby affirm as follows: that we are over the age of 18 and are quailfied to make this statement. That we are indebted to Santander who holds a Certificate of Title lien on a 2009 Chrysler Aspen. The vehicle was purchased on or about October, 2011for approximately $24,000. The vehicle is in good condition with approximately 130,000 miles at the time of filing. We believe the current market value of the vehicle is $9,725.00, which is the value assigned to the vehicle pursuant to www.nadaguides.com as of October 28, 2016.

Form 11/7/05     *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IN RE: **Clifford Wayne Robbins**<br>**Patricia Lynn Robbins**<br>Debtor(s) | Case No. **16-60791**<br><br>Chapter 13 Proceeding |

☒ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 5*

---

**ACCEPTANCE OF/REJECTION OF/OBJECTION TO THE PLAN**

ACCEPTANCE OF/REJECTION OF/OBJECTION TO THE PLAN BY HOLDERS OF ALLOWED SECURED CLAIMS PROVIDED FOR BY THE PLAN

EACH HOLDER OF AN ALLOWED SECURED CLAIM PROVIDED FOR BY THE PLAN SHALL BE DEEMED TO HAVE ACCEPTED THE PLAN UNLESS SUCH HOLDER FILES A WRITTEN REJECTION OF THE PLAN NO LATER THAN 10 DAYS PRIOR TO THE CONFIRMATION HEARING DATE. IF THE HOLDER OF AN ALLOWED SECURED CLAIM FILES AN OBJECTION TO CONFIRMATION OF THE PLAN AND DOES NOT OTHERWISE REJECT THE PLAN, SAID HOLDER SHALL BE DEEMED TO HAVE ACCEPTED THE PLAN IN ALL RESPECTS EXCEPT THOSE SPECIFICALLY RAISED IN THE OBJECTION TO CONFIRMATION. ALL WRITTEN NOTICES OF THE PLAN SHALL BE FILED AND SERVED IN THE SAME MANNER AS OBJECTIONS TO CONFIRMATION.

**Provision Regarding Payment of Attorney Fees**

The Trustee shall make distribution of the base attorney fees at the maximum amount permitted under the First Standing Order Relating to Chapter 13 Case Administration under BAPCPA in the El Paso and Waco Divisions of November 8, 2005, Paragraph 6(B), as amended January 23, 2007.

**Creditor's Direct Communication with Debtors**

Creditors whose claims are scheduled to be paid directly by the Debtor(s), including creditors with claims secured by real estate or vehicles, are authorized to send monthly statements to the Debtor(s).  They are also authorized to communicate directly with the Debtor(s) in response to Debtor(s) questons about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquires.

**General**

All special provisions set forth herein are hereby incorporated into the confirmation order in this case as if recited therein verbatim.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IN RE: **Clifford Wayne Robbins** | Case No. **16-60791** |
| **Patricia Lynn Robbins** | |
| Debtor(s) | Chapter 13 Proceeding |

☑ *AMENDED*   ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 6*

---

Respectfully submitted this date:  **12/30/2016**                          .

/s/ George E. Micco
George E. Micco
1201 S. WS Young Dr. Suite B
Killeen, TX 76543
Phone: (254) 634-0271 / Fax: (254) 634-0217
(Attorney for Debtor)

/s/ Clifford Wayne Robbins
Clifford Wayne Robbins
4415 Indigo Drive
Killeen, TX 76542
(Debtor)

/s/ Patricia Lynn Robbins
Patricia Lynn Robbins
4415 Indigo Drive
Killeen, TX 76542
(Joint Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Clifford Wayne Robbins**　　　　　　　　　　　　　　　　　CASE NO **16-60791**
　　　　**Patricia Lynn Robbins**
　　　　　　*Debtor(s)*　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**

# EXHIBIT "B" - VARIABLE PLAN PAYMENTS

## PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 12/01/2016 | $600.00 | 21 | 08/01/2018 | $1,600.00 | 41 | 04/01/2020 | $1,600.00 |
| 2 | 01/01/2017 | $600.00 | 22 | 09/01/2018 | $1,600.00 | 42 | 05/01/2020 | $1,600.00 |
| 3 | 02/01/2017 | $1,600.00 | 23 | 10/01/2018 | $1,600.00 | 43 | 06/01/2020 | $1,600.00 |
| 4 | 03/01/2017 | $1,600.00 | 24 | 11/01/2018 | $1,600.00 | 44 | 07/01/2020 | $1,600.00 |
| 5 | 04/01/2017 | $1,600.00 | 25 | 12/01/2018 | $1,600.00 | 45 | 08/01/2020 | $1,600.00 |
| 6 | 05/01/2017 | $1,600.00 | 26 | 01/01/2019 | $1,600.00 | 46 | 09/01/2020 | $1,600.00 |
| 7 | 06/01/2017 | $1,600.00 | 27 | 02/01/2019 | $1,600.00 | 47 | 10/01/2020 | $1,600.00 |
| 8 | 07/01/2017 | $1,600.00 | 28 | 03/01/2019 | $1,600.00 | 48 | 11/01/2020 | $1,600.00 |
| 9 | 08/01/2017 | $1,600.00 | 29 | 04/01/2019 | $1,600.00 | 49 | 12/01/2020 | $1,600.00 |
| 10 | 09/01/2017 | $1,600.00 | 30 | 05/01/2019 | $1,600.00 | 50 | 01/01/2021 | $1,600.00 |
| 11 | 10/01/2017 | $1,600.00 | 31 | 06/01/2019 | $1,600.00 | 51 | 02/01/2021 | $1,600.00 |
| 12 | 11/01/2017 | $1,600.00 | 32 | 07/01/2019 | $1,600.00 | 52 | 03/01/2021 | $1,600.00 |
| 13 | 12/01/2017 | $1,600.00 | 33 | 08/01/2019 | $1,600.00 | 53 | 04/01/2021 | $1,600.00 |
| 14 | 01/01/2018 | $1,600.00 | 34 | 09/01/2019 | $1,600.00 | 54 | 05/01/2021 | $1,600.00 |
| 15 | 02/01/2018 | $1,600.00 | 35 | 10/01/2019 | $1,600.00 | 55 | 06/01/2021 | $1,600.00 |
| 16 | 03/01/2018 | $1,600.00 | 36 | 11/01/2019 | $1,600.00 | 56 | 07/01/2021 | $1,600.00 |
| 17 | 04/01/2018 | $1,600.00 | 37 | 12/01/2019 | $1,600.00 | 57 | 08/01/2021 | $1,600.00 |
| 18 | 05/01/2018 | $1,600.00 | 38 | 01/01/2020 | $1,600.00 | 58 | 09/01/2021 | $1,600.00 |
| 19 | 06/01/2018 | $1,600.00 | 39 | 02/01/2020 | $1,600.00 | 59 | 10/01/2021 | $1,600.00 |
| 20 | 07/01/2018 | $1,600.00 | 40 | 03/01/2020 | $1,600.00 | 60 | 11/01/2021 | $1,600.00 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IN RE: **Clifford Wayne Robbins** | CASE NO. **16-60791** |
| *Debtor* | |
| **Patricia Lynn Robbins** | CHAPTER **13** |
| *Joint Debtor* | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 11, 2017, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ George E. Micco
George E. Micco
Bar ID:24025535
Wm. Barry Phillips, P.C.
1201 S. WS Young Dr. Suite B
Killeen, TX 76543
(254) 634-0271

---

A. T. & T.
Attn: Bankruptcy Dept.
5407 Andrews Highway
Midland, TX 79706

Army Emergency Relief
xxxxx5157
2530 Crystal Drive
Suite 13161, 13th Floor
Arlington, VA 22202

Direct TV
P. O. Box 78626
Phoenix, AZ 85062

AAFES
Attn: GC-G
3911 S. Walton Walker Blvd.
Dallas, TX 75236

Army Emergency Relief
xxxxx5157
200 Stovall Street
Alexandria, VA 22332

Dish Network
P.O. Box 105169
Atlanta, GA 30348-5169

AFNI
P.O. Box 3097
Bloomington, IL 61702

Clifford Wayne Robbins
4415 Indigo Drive
Killeen, TX 76542

Diversified Consultants, Inc.
P.O. Box 551268
Jacksonville, FL 32255

American Infosource LP
3557
P.O. Box 248838
Oklahoma City, OK 73124-8838

Direct Energy
P.O. Box 56648
Houston, TX 77256-6648

EOS CCA
P.O. Box 981008
Boston, MA 02298

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Clifford Wayne Robbins**  CASE NO. **16-60791**
*Debtor*

**Patricia Lynn Robbins**  CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #1)

| | | |
|---|---|---|
| ERC & IC Systems<br>P.O. Box 64378<br>Saint Paul, MN 55164 | LVNV Funding LLC<br>P.O. Box 10497<br>Greenville, SC 29603 | Resurgent Capital Services<br>6726<br>P.O. Box 10587<br>Greenville, SC 29603-0587 |
| First Premier Bank<br>3820 N. Louise Ave.<br>Sioux Falls, SD 57107 | Mackie, Wolf, Zientz & Mann<br>Parkway Office Center, #900<br>14160 N. Dallas Parkway<br>Dallas, TX 75254 | Santander Consumer USA, Inc.<br>xxx1033<br>P.O. Box 961245<br>Fort Worth, TX 76161 |
| Grande Pointe<br>1112 7th Avenue<br>Monroe, WI 53566 | McCreary Veselka Bragg & Allen, PC<br>P.O. Box 1269<br>Round Rock, TX 78680 | Seventh Avenue<br>1112 7th Avenue<br>Monroe, WI 53566-1364 |
| IC Systems<br>P.O. Box 64378<br>Saint Paul, MN 55164 | Ocwen<br>xxxxxx5332<br>P.o. Box 660264<br>Dallas, TX 75266-0264 | Speedy Cash - AD Astra<br>7330 W. 33rd Street, N. #118<br>Wichita, KS 67205 |
| Internal Revenue Service<br>xxx-xx-5157<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Plaza Services<br>2002<br>110 Hammond Drive, Ste. 110<br>Atlanta, GA 30328 | Stellar Recovery<br>1327 Highway 2 West, #100<br>Kalispell, MT 59901 |
| Internal Revenue Service<br>Special Procedures Branch<br>300 E. 8th St., Stop 5022 AUS<br>Austin, TX 78701 | Ray Hendren<br>Chapter 13 Trustee<br>3410 Far West Blvd., Ste. 200<br>Austin, TX 78731 | Texas Guaranteed Student Loan<br>xxxxx5157<br>P. O. Box 83100<br>Round Rock, TX 78683-3100 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Clifford Wayne Robbins**     CASE NO. **16-60791**
*Debtor*

**Patricia Lynn Robbins**     CHAPTER **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

Time Warner Cable
P.O. Box 57547
Jacksonville, FL 32241

U. S. Attorney General/IRS
Main Justice Bldg., Room 5111
10th St. & Constitution Ave NW
Washington, D.C. 20530

United States Attorney/IRS
Western District of Texas
601 Northwest Loop 410, #600
San Antonio, TX 78216-5512